RAFAEL VIDAL, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 789. Submitted November 9, 1929.—Decided December 19, 1929.

P. Fajardo Martínez, for petitioner. The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

In a distraint proceeding the Internal Revenue Collector of Mayagüez attached and sold at public auction a piece of urban property situated on Eugenio M. de Hostos street, in Mayagüez. The public auction took place on September 14, 1928; all legal formalities preliminary to and during the auction were observed, and the property was sold to Rafael Vidal. In pursuance thereof the collector issued, on April 5, 1929, a certificate of purchase, which was recorded in the

registry of property on September 16, 1929. On October 16, 1929, Rafael Vidal and his wife submitted the certificate to the registrar and requested that the consummation of the·sale be entered in the registry. The registrar·refused the request, in the following decision:

· "Record is refused of the consummation of the sale referred to in the present document, which· is a certificate of purchase of real property issued by M. García Salgado, internal revenue collector of this city, on the 5th of April last, in attachment case No. 5158–3853, because one year has not elapsed from the date of the said certificate, whereas section 348 of the Political Code, as amended by the Act of March 10, 1910, provides that the right of redemption is limited to one year computed from the date of the certificate of purchase, which legal provision appears from the face of the certificate itself. A cautionary notice has been entered, instead, for the statutory period in favor of Rafael Vidal, in view of exhibited documents . . . ."

The present appeal has been taken from that decision.

Section 348 of the Political Code, in so far as pertinent here, reads as follows:

"Section 348.—That the owner of any real property hereafter sold for taxes, his heirs or assigns, or any person having any right or interest therein, may redeem the same within the period of one year from the date of the certificate of purchase . . . ."

Such is the law which provides for the redemption of property sold for taxes and the period within which such right may be exercised.

Section 351 of the same code, which the appellant invokes, does not aid his contention. That section reads as follows:

"Section 351.—After the expiration of ninety days from the date of the sale of any real property for taxes, the registrar of property of the district within which such sale has taken place shall, upon payment of a fee of two dollars, execute, record and deliver to the person to whom the certificate of purchase therefor has been issued or assigned, a deed, etc. . . . ."

It will be noted that in the extract above quoted the following words appear: "shall deliver to the person to whom

the certificate of purchase has been issued or assigned.'' This would indicate that the law does not regard the sale as effected until the certificate has been issued.

The decision appealed from must be affirmed.